

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2006

# USA v. Groff

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1634

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Groff" (2006). *2006 Decisions.* Paper 1270.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1270

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1634

UNITED STATES OF AMERICA

v.

MARLIN GROFF,

Appellant

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: The Honorable Ronald L. Buckwalter
District Court No.: 00-CR-00310

---

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 31, 2006

Before: SMITH and COWEN, *Circuit Judges,*
and ACKERMAN, *District Judge**

(Filed: April 13, 2006)

---

OPINION OF THE COURT

---

SMITH, *Circuit Judge*.

    Appellant Marlin Groff was indicted, tried and convicted by a jury, and sentenced

---

*The Honorable Harold A. Ackerman, Senior District Judge for the District of New Jersey, sitting by designation.

on three counts for violating 18 U.S.C. § 1341 (mail fraud), one count for violating 18 U.S.C. § 1001 (making false statements), and two counts for violating 18 U.S.C. § 1001 and § 2 (aiding and abetting the making of false statements). Groff has appealed the District Court's denial of: (1) his Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29; (2) his Motion for a Mistrial on the ground that he was prejudiced by the District Court's delay in issuing a curative instruction until final jury instructions; and (3) his Motion for Dismissal of the Indictment for alleged violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. We will affirm the judgment of the District Court in its entirety.[1]

## I.

Groff has a bachelor's degree in accounting and is a certified public accountant. In 1990, the Small Business Administration ("SBA") guaranteed two loans obtained by Groff. Groff defaulted on the loans in 1991. After buying the loans from the lenders, the SBA sought payment on the outstanding balance of $437,000 from Groff. In a series of three statements to the SBA, Groff underreported his available liquid assets and did not report approximately $551,000 that he had received from a former business partner in 1992. Groff had asked his former partner to issue the funds in checks made out to his two children and various religious institutions, but Groff had actually opened accounts in his children's names, deposited their checks in these accounts, and continued to exercise

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

control over these funds. Groff contends that he was relying on the advice of his attorney during these events.

At Groff's arraignment on July 20, 2000, a trial date was set for September 25, 2000. On September 19, 2000, the District Court granted a continuance jointly requested by the parties for the sake of conducting the voluminous and complicated documentary discovery required by the case. The District Court did not set a trial date at this time, and apparently relied on the parties to explicitly request a trial date at some later time.

On March 1, 2001, defense counsel sent the District Court a letter, complaining about difficulties in arranging meetings with the government to perform discovery. Defense counsel stated in this letter, "I am reluctantly requesting this Court to intervene and to schedule a hearing to address the obvious impediments to proceeding with trial. Additionally, I am hopeful that the Court will set a trial date and consider a Motion by the defense to preclude any testimony from Government witnesses that may touch on discovery which has been . . . willfully and wrongfully withheld from the defense." At a subsequent conference call mediated by the District Court, the parties agreed to attempt to resolve their discovery issues, and the discovery process continued.

On February 27, 2002, at the government's request, the District Court set a new trial date of May 6, 2002. Groff then requested an additional continuance on April 29, 2002, and a new trial date of March 10, 2003 was set. On March 4, 2003, the government moved for another continuance because a material witness would be unavailable on

March 10. During a conference call on March 5, 2003, the District Court granted this continuance but did not set a new trial date at that time. On March 16, 2003, the District Court prepared a written order setting out its findings in support of this continuance, but, apparently inadvertently, the District Court failed to file this written order. On May 28, 2003, the District Court set a new trial date of September 8, 2003. On August 20, 2003, the government's counsel moved for another continuance, citing a conflict with her attachment to another trial, and the District Court granted a final continuance until January 5, 2004, the actual date of the trial.

On December 31, 2003, Groff filed his Motion to Dismiss the Indictment, alleging violations of the Speedy Trial Act. On January 5, 2004, immediately before the start of the trial, the District Court denied this motion. At the end of this first day of trial, the District Court set forth its factual basis for denying this motion and revealed to the parties the existence of the written order that it had prepared but not filed on March 16, 2003.

Near the end of the trial, the government called SBA Special Agent Martin Carroll as a witness. Carroll read several letters prepared by an SBA loan officer into the record in an effort to rebut a defense contention that there was a lack of communication between the SBA and Groff during the relevant events. The loan officer in question had previously testified during the trial but had not testified about the letters. One of the letters, marked Exhibit 58, was addressed to one of Groff's prior attorneys and contained in effect a summary of the government's allegations regarding Groff's

4

misrepresentations, mostly presented in the form of accusatory questions. During the reading of this letter, defense counsel objected to its admission into evidence, and the District Court overruled the objection. After the completion of Carroll's reading of the letter, however, the District Court on its own motion concluded that this letter should not have been admitted because it was in the form of arguments and not factual statements. The District Court did not issue a curative instruction to the jury at this time. At the District Court's prompting, defense counsel moved for a mistrial. Later that day, the District Court denied this Motion for a Mistrial.

The following day, during final jury instructions, the District Court instructed, "Now, one of the exhibits you won't have is an exhibit which was number 58 which was an exhibit on a plain piece of paper which was . . . sent by the SBA to counsel for the defendant. That exhibit was read to you but then as I reread it, I determined that it contained a lot of reference to questions and not reference to fact. . . . I'd ask you to disregard it." Exhibit 58 was not sent back with the jury during its deliberations.

II.

With respect to Groff's Motion for Judgment of Acquittal, we find no error[2] in the District Court's denial of this motion. In light of Groff's education and professional status as a certified public accountant, and in light of the manner in which he nominally

_____

[2]On review of a Rule 29(c) motion, we will sustain a jury verdict if, viewing the evidence in a light most favorable to the government, a rational trier of fact could have found that the government established the elements of the crime beyond a reasonable doubt. *See United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

diverted funds to others while actually maintaining control of the funds, a rational trier of fact could have concluded that the government had established beyond a reasonable doubt that Groff had acted with the necessary intent to defraud the SBA when misrepresenting the full extent of his assets, regardless of any advice that he may have received from his attorney.

With respect to Groff's Motion for a Mistrial, we find that the District Court did not abuse its discretion[3] by denying this motion. Whether a delay in giving a curative instruction overcomes the presumption that juries will follow such instructions depends on the circumstances of the case. *See Hakim*, 344 F.3d at 330. In light of the fact that the content of the letter did not introduce any new facts but rather merely duplicated the government's arguments at trial, we find that the District Court's delay in providing a curative instruction until the jury's final instructions did not cause any incurable prejudice. Accordingly, the District Court did not abuse its discretion by failing to grant a mistrial.[4]

Whether the District Court properly denied Groff's Motion to Dismiss the

---

[3]We review a District Court's denial of a mistrial for abuse of discretion. *See United States v. Hakim*, 344 F.3d 324, 328 (3d Cir. 2003). Our inquiry focuses on the alleged prejudice to the defendant. *See United States v. Wright-Baker*, 784 F.2d 161, 175 (3d Cir. 1986).

[4]Groff also argues that the District Court's curative instruction was too vague to identify the disputed letter, but we find that the District Court's curative instruction, including the letter's exhibit number and a brief description of the nature of the letter, was sufficient to identify the letter to the jury.

6

Indictment pursuant to the Speedy Trial Act is a closer issue. In *United States v. Lattany*, 982 F.2d 866 (3d Cir. 1993), we held that the Speedy Trial Act allowed open-ended continuances but we also discouraged their use. *See id.* at 883. As we noted in *Lattany*, "[a] district court's reliance on the parties to advise it when they are ready for trial . . . can interfere with the Speedy Trial Act's purpose of insuring prompt trial of criminal cases for the protection of the public as well as the defendant." *Id.* at 876 n.14; *see also* 18 U.S.C. § 3161(h)(8)(A) (excluding periods of delay resulting from a continuance if the judge granted such a continuance "on the basis of his findings that the ends of justice served by taking such an action outweigh the best interest of the public and the defendant in a speedy trial"). Finally, we held that such continuances must not be unreasonable in length, even when the defense agrees to the continuance. *See Lattany*, 982 F.2d at 882.

The open-ended continuance granted by the District Court on September 19, 2000, ultimately delayed the trial from its original date of September 25, 2000, until May 6, 2002, with subsequent continuances delaying the actual trial date until January 5, 2004. Even though we find that the parties were complicit in this initial delay insofar as they jointly requested the continuance,[5] we have some doubt about whether this initial delay was of a reasonable length in light of the public's interest in a speedy trial.

---

[5]We find that defense counsel's statement in the March 1, 2001, letter that counsel was "hopeful that the Court will set a trial date" did not constitute an explicit request for an end to the continuance that the defense had originally requested, particularly in light of defense counsel's subsequent agreement to attempt to resolve the underlying discovery issues cited in the letter and the continuation of discovery thereafter without any further request by the defense for a trial date.

Nonetheless, under *Lattany*, our standard of review of the District Court's grant of an open-ended continuance is abuse of discretion. *See* 982 F.2d at 883. Unusual discovery-related issues provide a ground under the Speedy Trial Act for granting a continuance that is sufficiently long to allow the parties to prepare adequately for trial. *See* 18 U.S.C. § 3161(h)(8)(B)(ii) (allowing the District Court to consider, when granting continuances, "[w]hether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation . . . for the trial itself within the time limits established by this section"). Moreover, under *Lattany,* the fact that the District Court was attempting to accommodate the defense as well as the government is relevant to our evaluation of the District Court's exercise of its discretion. *See* 982 F.2d at 883. Consequently, although we continue to discourage the use of open-ended continuances, including in future cases similar to this one,[6] we do not find that the District Court abused its discretion by granting this continuance.

---

[6]By granting the parties an open-ended continuance rather than a continuance with a fixed term, the District Court failed to provide the parties with any guidance as to the level of diligence that the public's interest in a speedy trial required. Moreover, by relying on the parties to request a new trial date, rather than granting a fixed continuance and extending it as necessary, the District Court failed to perform any periodic reassessment of whether the public's interest in a speedy trial was still outweighed by the discovery-related needs of the parties. Accordingly, as we have previously stated, "we strongly urge district courts hereafter not to wait and rely on counsel to inform them when defendants are ready to go to trial, but instead to set deadlines. If it later appears that circumstances require postponement of any deadline so set, appropriate findings showing that the interests of justice require a further continuance can be made contemporaneously with any order extending the time." *Lattany*, 982 F.2d at 883.

Finally, we find no merit in Groff's contention that the District Court violated the Speedy Trial Act by inadvertently failing to file the written order it prepared on March 16, 2003. While a district court cannot retroactively find the facts necessary to grant a continuance after the defendant makes a motion to dismiss under the Speedy Trial Act, *see United States v. Carrasquillo*, 667 F.2d 382 (3d Cir. 1981), a district court nonetheless need not place the necessary findings into the record at the time of granting the continuance. *See United States v. Rivera Const. Co.*, 863 F.2d 293, 297 (3d Cir. 1988). We find that the District Court's preparation of the written order demonstrates that it reached the necessary findings at the time of granting the continuance, despite its inadvertent failure to actually file the order.

In sum, for the reasons set forth above, we will affirm the judgment of the District Court in its entirety.